PETER S. DICKINSON (SBN 139495)
pdickinson@bushgottlieb.com
KIRK M. PRESTEGARD (SBN 291942)
kprestegard@bushgottlieb.com
SARA YUFA (SBN 341607)
syufa@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Trustees of the SCREEN
ACTORS GUILD-PRODUCERS
PENSION PLAN and TRUSTEES OF
THE SAG-AFTRA HEALTH PLAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN and TRUSTEES OF THE SAG-AFTRA HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPLETE PRODUCTION GROUP INC., dba COMPLETE CASTING & PRODUCTION GROUP, a New York Corporation, and ANNTIS CREATIVE GROUP LLC, a New York Limited Liability Company,<br><br>Defendants. | Case No. 2:24-cv-01326<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974**<br><br>**[29 U.S.C. § 185; 29 U.S.C. §§ 1132 and 1145]** |

Plaintiffs Trustees of the Screen Actors Guild-Producers Pension Plan and Trustees of the SAG-AFTRA Health Plan (collectively, the "Trustees") allege:

## JURISDICTION AND VENUE

1. This action by the Trustees is based on the failure and refusal of Complete Production Group, Inc. and Anntis Creative Group LLC (collectively, "Defendants") to honor their obligations to the Trustees, as required by the terms of

925987v2 11637-32027

Case No.: 2:24-cv-01326

COMPLAINT

certain collective bargaining agreements and the trust agreements governing the Screen Actors Guild-Producers Pension Plan and the SAG-AFTRA Health Plan (collectively, the "Plans") pursuant to § 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, and § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331; ERISA § 502(e)(1), 29 U.S.C. §§ 1132(e)(1); and LMRA § 301(a), 29 U.S.C. § 185(a).

3. Venue is based on the location of the offices in which the Plans are administered, in the Central District of California. As such, venue is appropriate pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and LMRA § 301(a), 29 U.S.C. § 185(a).

## PARTIES

4. The Plans are "employee benefit plans" within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), in that they were created pursuant to written declarations of trust ("Trust Agreements") between the Screen Actors Guild, now known as SAG-AFTRA, and motion picture, television, and advertising producer employers, and are maintained for the purpose of providing their participants and beneficiaries with medical, surgical, and hospital benefits in the event of sickness, accident, disability or death, and retirement benefits. The Plans were created and now exist pursuant to LMRA § 302(c), 29 U.S.C. § 186(c).

5. The Plans are "multiemployer plans" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), in that more than one employer is required to contribute to the Plans and the Plans are maintained pursuant to the collective bargaining agreements between SAG-AFTRA and motion picture, television, and advertising producer employers.

6. The Trustees are "fiduciaries" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and have an obligation to protect the Plans'

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  assets including ensuring that signatory employers properly remit to the Plans
2  contractually required pension and health contributions.
3       7.   Pursuant to the Trust Agreements, the Trustees have control and
4  authority over the Plans, including the authority to commence litigation in order to
5  protect trust assets.
6       8.   At all times material to this action, SAG-AFTRA has been a labor
7  organization representing employees in the motion picture, television, and
8  advertising industry, which is an industry affecting commerce within the meaning of
9  LMRA § 501(1), 29 U.S.C. § 142(1).
10      9.   At all times relevant herein, Defendant Complete Production Group,
11 Inc. dba Complete Casting & Production Group ("Complete Production") is and has
12 been a corporation organized and existing under the laws of the State of New York,
13 registered and with its headquarters in the State of New York, transacting business
14 in the County of Los Angeles in the State of California at 7600 Melrose Avenue,
15 Suite L Los Angeles, California 90046, and is an "employer" within the meaning of
16 ERISA § 3(5), 29 U.S.C. § 1002(5), and LMRA § 501(3), 29 U.S.C. § 142(3).  As
17 such, Complete Production is also an "employer" as that term is used in LMRA §
18 301, 29 U.S.C. § 185.
19      10.  At all times relevant herein, Defendant Anntis Creative Group, LLC
20 ("Anntis") is and has been a limited liability company organized and existing under
21 the laws of the State of New York, registered and with its headquarters in the State
22 of New York, transacting business in the County of Los Angeles in the State of
23 California at 7600 Melrose Avenue, Suite L Los Angeles, California 90046, and is
24 an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and
25 LMRA § 501(3), 29 U.S.C. § 142(3).  As such, Anntis is also an "employer" as that
26 term is used in LMRA § 301, 29 U.S.C. § 185.
27      11.  On information and belief, Complete Production Group and Anntis are
28 engaged in the same line of business, are located at the same physical address, are

owned and controlled by the same principals, use common employees, and do not maintain an arm's length relationship, such that there is no meaningful distinction between them.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 11 as though fully set forth herein.

13. At all relevant times, Complete Production and Anntis have been signatories to, and bound by, the terms and conditions of various SAG-AFTRA collective bargaining agreements (collectively, the "CBAs"). By their signing of the CBAs, Defendants also agreed to accept and be bound by the terms and conditions of the Trust Agreements. Collectively, the CBAs and the Trust Agreements are referred to collectively as the "Signatory Documents."

14. Under the terms of the Signatory Documents, signatory employers are obligated to make certain contributions to the Plans on behalf of performers based on a percentage of gross compensation paid for services covered by the CBAs, and to submit accurate reports to the Plans with respect to the amount and calculation of such contributions.

15. Under ERISA § 515, 29 U.S.C. § 1145, employers such as Complete Production and Anntis, that are obligated to make contributions to a multiemployer plan pursuant to one or more collectively bargained agreements, are required to make such contributions in accordance with the terms and conditions of such plan or agreements.

16. Further, the Trustees are empowered under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to enforce the requirements set forth in ERISA § 515 against Complete Production and Anntis.

17. Under the terms of the Trust Agreements, the Trustees have the authority to conduct audits of the records of signatory employers for the purpose of determining the accuracy of contributions to the Plans. Audits may include, but are

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

not limited to, payroll books and ledgers, and any other books or records that the Trustees deem necessary for the proper administration of the Plans.

18. In addition, the Trust Agreements authorize the Trustees to take any action they deem advisable or necessary to enforce payment of contributions due under the Signatory Documents or to compel an audit or inspection of employer records, and that if litigation is required, the employer involved shall be liable for all attorneys' fees, the cost of the audit, interest, liquidated damages, and court costs incurred, whether or not any delinquency is discovered.

19. By execution of the Signatory Documents, and in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2), Defendants agreed that, in the event the Trustees are required to file an action to enforce payment of contributions, they would be liable to the Trustees for interest on all unpaid contributions from the dates the sums were originally due to the Plans to the date of judgment. Defendants owe the Plans interest in amounts to be established by proof at trial.

20. By execution of the Signatory Documents, and in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendants are obligated to pay to the Plans liquidated damages, calculated at 20% of the unpaid contributions, for the detriment caused by its failure to timely pay required contributions. Plaintiffs are informed and believe, and thereon allege, that Defendants owe the Plans liquidated damages in an amount to be determined at trial.

21. By execution of the Signatory Documents, and in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendants agreed that in the event of any delinquency, they would pay attorney's fees and legal costs incurred in connection therewith, whether incurred before or after litigation is commenced. It has been necessary for the Trustees to engage legal counsel for the purpose of collecting said contributions and related damages, and the Trustees are therefore entitled to their reasonable attorneys' fees and legal costs in connection therewith. The exact amount of attorney's fees and costs shall be established by proof at trial.

22. Based on the express terms of the Signatory Documents, the Trustees reposed trust and confidence in Defendants, and relied on Defendants to accurately report and pay the correct amount of contributions to the Plans. Defendants' breach of the Signatory Documents, and breach of the trust and confidence the Trustees reposed in them, serves to toll any statute of limitations, if applicable.

## FIRST CAUSE OF ACTION

### (For Unpaid Contributions by Complete Production Group, Inc. in Violation of ERISA § 502 and § 515)

23. The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 22 as though fully set forth herein.

24. At all relevant times, Complete Production was the signatory of record for various SAG-AFTRA covered projects, and, as such, was responsible for the timely and accurate payment of contributions to the plans, as and when compensation is paid to performers for their covered services.

25. The Plans reviewed various reportings by Complete Production and determined that in many instances Complete Production underpaid or failed to pay the amount of contributions due for a given a project and/or performer, or failed to pay contributions within the time required by the Signatory Documents.

26. The Plans attempted many times over several months to reconcile these discrepancies with Complete Production and to effectuate payment of the amounts owed, but representatives and principals of Complete Production failed to meaningfully respond to these efforts, thus necessitating this action.

27. Plaintiffs are informed and believe, based on reports submitted by Complete Production or its payroll service provider, that Complete Production owes the Plans not less than $53,085.40 for unpaid and underpaid contributions and late payment penalties in connection with various SAG-AFTRA covered projects and performers.

## SECOND CAUSE OF ACTION

### (For Unpaid Contributions by Anntis Creative Group, LLC in Violation of ERISA § 502 and § 515)

28. The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 27 as though fully set forth herein.

29. At all relevant times, Anntis was the signatory of record for various SAG-AFTRA covered projects, and, as such, was responsible for the timely and accurate payment of contributions to the plans, as and when compensation is paid to performers for their covered services.

30. The Plans reviewed various reportings by Anntis and determined that in many instances Anntis underpaid or failed to pay the amount of contributions due for a given a project and/or performer, or failed to pay contributions within the time required by the Signatory Documents.

31. The Plans attempted many times over several months to reconcile these discrepancies with Anntis and to effectuate payment of the amounts owed, but representatives and principals of Anntis failed to meaningfully respond to these efforts, thus necessitating this action.

32. Plaintiffs are informed and believe, based on reports submitted by Anntis or its payroll service provider, that Anntis owes the Plans not less than $13,611.14 for unpaid and underpaid contributions and late payment penalties in connection with various SAG-AFTRA covered projects and performers.

## THIRD CAUSE OF ACTION

### (For Breach of Collective Bargaining Agreement by Complete Production Group, Inc. in Violation of LMRA § 301(a))

33. The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 32 as though fully set forth herein.

34. Complete Production breached the CBAs by failing to pay or by making insufficient contributions, as required and per the terms and conditions set

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

forth therein.

35. As a result of Complete Production's breach of the CBAs, the Trustees have suffered damages in an amount to be established by proof at trial, including but not limited to unpaid and/or underpaid contributions, liquidated damages, interest, attorneys' fees, legal costs, and audit costs.

## FOURTH CAUSE OF ACTION

### (For Breach of Collective Bargaining Agreement by Anntis Creative Group, LLC in Violation of LMRA § 301(a))

36. The Trustees incorporate by reference each allegation contained in Paragraphs 1 through 35 as though fully set forth herein.

37. Anntis breached the CBAs by failing to pay or by making insufficient contributions, as required and per the terms and conditions set forth therein.

38. As a result of Anntis' breach of the CBAs, the Trustees have suffered damages in an amount to be established by proof at trial, including but not limited to unpaid and/or underpaid contributions, liquidated damages, interest, attorneys' fees, legal costs, and audit costs.

## PRAYER FOR RELIEF

WHEREFORE, the Trustees pray for judgment against Complete Production Group, Inc. and Anntis Creative Group, LLC as follows:

1. for unpaid contributions in an amount to be established by proof at trial;
2. for liquidated damages in an amount to be established by proof at trial;
3. for interest in an amount to be established by proof at trial;
4. for special damages in amounts as proved;
5. for damages for breach of written settlement agreement as proved;
6. for reasonable attorneys' fees and other costs of this action incurred by the Trustees; and
7. for such additional relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED:  February 20, 2024 | PETER S. DICKINSON |
| 2 | | KIRK M. PRESTEGARD |
| | | SARA YUFA |
| 3 | | BUSH GOTTLIEB, A Law Corporation |

By: _____
KIRK M. PRESTEGARD
Attorneys for TRUSTEES OF THE SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN and TRUSTEES OF THE SAG-AFTRA HEALTH PLAN